PER CURIAM.
Regina Evans sued Allen Starks and Trail Pontiac-GMC, Inc. (“Trail Pontiac”), for conversion. The case went to trial and after the presentation of the plaintiff’s case, Trail Pontiac moved for a directed verdict. Judge Robert T. Hodnette, Jr., granted Trail Pontiac’s motion, and the trial continued as to the claim against Starks. However, the case against Starks ended in a mistrial due to a hung jury.
Subsequently, Judge Hodnette retired and Judge Douglas Johnstone took over the case. The plaintiff then moved to set aside Judge Hodnette’s order directing a verdict in favor of Trail Pontiac. Without benefit of the record or a transcript of the proceedings from the first trial, and without any new testimony or affidavits, Judge Johnstone granted the plaintiff’s motion.
The case went to trial again and the jury rendered a $12,000.00 verdict in favor of the plaintiff and against both defendants. After the judgment was entered, Trail Pontiac filed a motion for a new trial, which was denied. Trail Pontiac now appeals Judge Johnstone’s order setting aside Judge Hodnette’s entry of a directed verdict in its favor.
The issue on appeal is not whether Judge Johnstone prudently or imprudently, based on the facts, set aside Judge Hod-nette’s grant of a directed verdict; rather, the issue is whether Judge Johnstone could set aside Judge Hodnette’s order without looking to the record or the transcript of the earlier proceedings.
We must reverse Judge Johnstone’s order setting aside the directed verdict. To permit a successor judge to render a decision without even considering the record or the transcript upon which the earlier decision was made, renders the conduct of the first judge meaningless. We remand this case to Judge Johnstone with instructions to consider the record or transcript of the first trial before making a substantive decision whether to set aside the directed verdict. Furthermore, because it was the plaintiff’s motion to set aside the directed verdict, the plaintiff is responsible for sup *646 plying the record and transcript to Judge Johnstone.
All other issues presented on appeal are pretermitted by our decision on this issue.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
JONES, J., concurs in the result.